## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY ALLEN,** | : | **CIVIL NO. 1:14-CV-2471** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN WETZEL,** *et al.,,* | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

On December 29, 2014, plaintiff Anthony Allen ("plaintiff"), an inmate
presently incarcerated in the State Correctional Institution at Rockview ("SCI-
Rockview"), Bellefonte, Pennsylvania, filed this civil rights complaint pursuant to
42 U.S.C. § 1983. (Doc. 1). He seeks to proceed *in forma pauperis.* (Doc. 2).
Preliminary review of the complaint reveals that plaintiff includes unrelated claims
against numerous individuals employed at SCI-Rockview. Allowing the pleading to
proceed as filed is not in the interest of judicial economy. Consequently, he will be
directed to file an amended pleading which strictly adheres to the mandates of
Federal Rules of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20,
Permissive Joinder of Parties.

## I.   Applicable Rules of Pleading

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule
8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and
direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as

defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).  Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact."  7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* §1652 at 371-72 (1986).

## II.   Discussion

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20.   He "...brings this civil action as a result of the willful, intentional, and deliberate violations of his Constitutional, Civil, and Human Rights, through the actions/inactions of the Department of Corrections named defendants, which caused him actual irreparable harm and injuries."  (Doc. 1, ¶ 21).  He alleges various First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment claims including mail tampering, opening of legal mail outside his presence, confiscation of legal property, destruction of personal property, denial of access to the courts, harassment for retaliatory and discriminatory purposes, illegal deductions from his inmate account and conspiracy.  (Id. at ¶¶ 26-55).  The claims, which allegedly arose between the dates of October, 2012, and July, 2014, concern a number of unrelated separate

2

transactions or occurrence or series of transactions or occurrences against various defendants and do not involve an issue of law or fact common to all defendants. While plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties.  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D.Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20.  Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action.  Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

## III.   Conclusion

Although plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20, he will be afforded the opportunity to amend his complaint.  To the extent that he believes that he has been subjected to more than one violation of his rights, and inasmuch as these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

An appropriate Order will issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania