IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY ALLEN,** | : | CIVIL NO. 1:14-CV-2471 |
| **Plaintiff** | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **JOHN WETZEL,** *et al.*, | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 14th day of July, 2015, upon consideration of the court order (Doc. 8) dated January 14, 2015, notifying plaintiff that his complaint (Doc. 1) was in violation of Federal Rules of Civil Procedure 8 and 20 because it contained claims that arose out of a number of unrelated separate transactions and occurrences or series of transactions or occurrences against various defendants and did not involve issues of law or fact common to all defendants, and affording him the opportunity to amend the complaint, but forewarning him that the inclusion of separate, unrelated claims would not be tolerated by the court, and upon consideration of the filing of plaintiff's proposed amended complaint (Doc. 15) and court order (Doc. 17) dated June 25, 2015, striking that pleading for failure to comply with the January 14, 2015 order (Doc. 8),[1] and affording plaintiff a final opportunity to file an amended

---

[1] The proposed amended complaint (Doc. 15) alleged that between January 2013 and July 2014, while incarcerated at the State Correctional Institution at Rockview, plaintiff suffered numerous constitutional violations by fourteen different defendants, including, *inter alia*, legal mail tampering, denial of use of the law library, denial of access to the courts, due process violations related to his inmate account, confiscation and destruction of personal property, retaliation related to his pursuit of legal remedies, and denial of telephone privileges. (Doc. 15, ¶¶ 5-55).

complaint, but strictly cautioning him that failure file a second amended complaint within the specified time period would result in dismissal of the action for failure to comply with an order of court, and upon consideration of plaintiff's failure to file a second proposed amended complaint, it is clear that plaintiff has utterly failed to comply with the court orders (Docs. 8, 17), or adhere to the standards set forth therein, and that because plaintiff refuses to comply with the court orders, the action is subject to dismissal pursuant to FED. R. CIV. P. 41(b)[2]; see Bricker v. Harlow, No. 1:CV-09-0582, 2009 WL 1743905, at *1, 3 (M.D. Pa. June 17, 2009) (noting that *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure and dismissing the action because plaintiff failed to comply with the court's orders); see Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007) (finding that dismissal by the court on its own initiative is warranted where plaintiff fails to comply with court orders directing adherence to rules governing joinder of parties and claims), it is hereby ORDERED that:

1. This action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an order of court.

2. All other pending motions are DISMISSED.  (Doc. 16).

---

[2] A district court has the authority to dismiss a suit *sua sponte* for failure to comply with an order of court.  FED. R. CIV. P. 41(b); see Link v. Wabash Railroad Co., 370 U.S. 626, 630-31(1962); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Ordinarily a district court is required to consider and balance the six factors enumerated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), when deciding, *sua sponte*, to use dismissal as a sanction.  When a litigant's conduct makes adjudication of the case impossible, however, such balancing under Poulis is unnecessary.  See Guyer, 907 F.2d at 1429-30; see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).

3.  The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania