IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ALLEN, | : | CIVIL NO. 1:14-CV-2471 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Anthony Allen ("Allen"), an inmate formerly housed at the State Correctional Institution at Rockview ("SCI-Rockview"), Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding *via* a second amended complaint (Doc. 21), wherein Allen names the following defendants: Steven Glunt, Marirosa Lamas, Dorina Varner, Stewart Boone. and Thomas Rogers. Presently before the court is defendants' motion (Doc. 28) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the court will grant defendants' motion.

I.   **Procedural Background**

Allen filed this action on December 29, 2014. (Doc. 1). Shortly thereafter, the court entered a memorandum and order (Docs. 7, 8) directing Allen to file an amended pleading that complied with Federal Rules of Civil Procedure 8 and 20. On May 28, 2015, Allen filed an amended complaint. (Doc. 15). On June 25, 2015, the court entered an order striking the amended complaint because it failed to

comply with Federal Rules of Civil Procedure 8 and 20.  (Doc. 17).  Allen was given an opportunity to file a second amended complaint to correct the deficiencies identified in the prior court orders.  (Id.)  On July 14, 2015, the court dismissed the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to timely file a second amended complaint and failure to comply with court orders.  (Doc. 19).  On July 21, 2015, Allen filed a motion to reopen and a proposed second amended complaint.  (Docs. 20, 21).  The court granted the motion to reopen.  (Doc. 22). Defendants move to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 28).

## II.    Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III.   Allegations of the Second Amended Complaint

Allen alleges that, on January 11, 2013, defendant Rogers "confiscated core lower court opinions from plaintiff's cell," and, on February 8, 2013, he "placed a pitcher [sic] of a devil with a pitch folk [sic] on the wall stating cell searches to intimidate plaintiff from seeking redress from the courts."  (Doc. 21 ¶¶ 10, 11).

3

Allen further alleges that defendant Boone, SCI-Rockview mailroom supervisor, "denied delivery of plaintiff's legal mail" and "denied plaintiff access to the court by refusing to deliver his legal mail" on August 10, 2013, September 14, 2013, and July 30, 2014. (Id. at ¶¶ 12, 14, 15). Lastly, Allen alleges that defendants Rogers, Lamas, Boone, Varner, and Glunt "condoned" these on-going legal abuses. (Id. at ¶¶ 13, 16).

## IV.   **Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. See FED. R. CIV. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982). In deciding whether to dismiss a case pursuant to Rule 41(b), the court must consider the factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The six (6) factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions; and (6) the meritoriousness of the claim or defense

Id. at 868. Not all of the Poulis factors need be satisfied to dismiss a complaint. See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Allen is *pro se* and is solely responsible for his actions. See Colon v. Karnes, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions.").

4

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994).  Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  Allen was granted two opportunities to file an amended complaint.  Allen's continuing failure to comply with court rules and court orders frustrates and delays resolution of this action.  This failure to comply prejudices defendants who seek timely resolution of the case.  See Azubuko v. Bell National Organization, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Allen has a history of dilatoriness.  As outlined above, on January 14, 2015, the court ordered Allen to file an amended complaint that complies with Federal Rules of Civil Procedure 8 and 20.  (Docs. 7, 8).  Allen filed a proposed amended complaint (Doc. 15), however the court entered an order striking the amended complaint for failure to comply with Federal Rules of Civil Procedure 8 and 20.  (Doc. 17).  Allen was granted another opportunity to file a properly supported amended complaint.  (Doc. 17).  Allen failed to timely file a second amended complaint.  Therefore, the court dismissed the action pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. 19).  Allen subsequently filed a motion to reopen and a proposed second amended complaint.  (Docs. 20, 21).  The court granted the motion to reopen, and this action is proceeding on the second amended

5

complaint. (Doc. 21). Allen's actions clearly demonstrate a history of failing to comply with court orders. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002) (finding that a history of dilatory conduct existed based on plaintiff's multiple requests for stays and failure to comply with deadlines).

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. Allen's failure to file a properly supported second amended complaint leads to an inference that his actions are willful. See Crouse v. W. Lebanon Twp., 2006 U.S. Dist. LEXIS 25972, at *4 (M.D. Pa. 2006) (concluding, "plaintiff's failure to comply with the order of court directing him to file responses to the pending motions and advising that inaction may result in dismissal of the complaint ... constitutes willful disregard of the court's authority"). Given Allen's indigence, alternative, monetary, sanctions would not be effective. See Dennis v. Feeney, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent").

The final Poulis factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. For the reasons discussed below, it is unlikely that Allen's claims will succeed against defendants.

A.    Official Capacity

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

6

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Defendants seek dismissal of the second amended complaint against all defendants in their official capacities.[1]  (Doc. 29 at 9-10).  "Personal-capacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law.  Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)).  When suits are brought against state officials in their official capacities, those lawsuits are treated as suits against the state.  See Hafer v. Melo, 502 U.S. 21, 25 (1991).  However, the doctrine of sovereign immunity, established by the Eleventh Amendment, protects states, such as the Commonwealth of Pennsylvania, from

---

[1] Allen purports to sue all defendants in their individual and official capacities, except defendant Rogers, who is sued solely in his individual capacity. (Doc. 21 ¶¶ 4-8).

7

suits by citizens.  <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100-01, 117 (1984); <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 54 (1996); <u>Lavia v. Pennsylvania</u>, 224 F.3d 190, 195-96 (3d Cir. 2000).  State officials sued in their official capacities share in that immunity.  <u>See</u> <u>Hafer</u>, 502 U.S. at 25; <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 237-38 (1974).  Congress has not abrogated the immunity regarding Allen's claims, nor has Pennsylvania waived this grant of immunity.  <u>See</u> 42 Pa.C.S.A. § 8521(b).  Consequently, Allen's claims for money damages against the defendants in their official capacities are barred by sovereign immunity.  <u>See</u> <u>Betts v. New Castle Youth Dev. Ctr.</u>, 621 F.3d 249, 254 (3d Cir. 2010).

### B.      "Persons" under § 1983

As noted, in order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  The Supreme Court has recognized that when a plaintiff sues a state agent in his or her official capacity, the suit is not against the "person," but against the official's office.  <u>Hafer</u>, 502 U.S. at 27; <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985) (concluding that claims against state officials in their official capacities are treated as claims against the governmental entity).  Therefore, "state officials 'acting in their official capacities' are outside the class of 'persons' subject to liability under" section 1983.  <u>Hafer</u>, 502 U.S. at 22-23 (quoting <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) ("[N]either a

State nor its officials acting in their official capacities are 'persons' under § 1983.")). To that extent, any § 1983 claims asserted against the defendants in their official capacities will be dismissed.

### C.     Federal Rules of Civil Procedure 8 and 20

Defendants contend that Allen's second amended complaint does not conform to the pleading requirements under Federal Rule of Civil Procedure 8, General Rules of Pleading.  (Doc. 29 at 11-13).  Rule 8(a)(2) provides that, "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). Additionally, Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).

Regarding defendant Boone, Allen alleges that he denied delivery of his legal mail on three separate occasions.  (Doc. 21 ¶¶ 12, 14, 15).  Inmates have a liberty interest in their mail under the First and Fourteenth Amendments and their ability to send and receive mail may be restricted only for legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987).  A First Amendment denial of access to the court cause of action is stated by alleging that a particular defendant: (1) interfered with (2) a nonfrivolous attack on conditions of confinement, or the defense against a criminal charge, a direct appeal from or collateral attack on a criminal conviction, or a habeas corpus petition.  See Lewis v. Casey, 518 U.S. 343, 353 n.3 and 355 (1996); Bounds v. Smith, 430 U.S. 817 (1977).  The prisoner-plaintiff must allege an actual injury to his ability to litigate a claim.  See Caldwell v. Beard, 305 F. App'x 1, 3 (3d Cir. 2008) (citing Lewis, 518 U.S.

at 352-53).  Mere conclusory allegations that an inmate suffered prejudice are

insufficient to proceed with an access to the court claim.  See Monroe v. Beard, 536

F.3d 198, 205-06 (3d Cir. 2008) (citation omitted).  Allen's claims are purely

conclusory and he fails to set forth any facts in support of his claim that his lawsuits

were dismissed solely due to defendant Boone's actions.  Specifically, Allen fails to

present any substantive facts that he missed a deadline, was precluded from

making some arguably meritorious argument or motion, or was otherwise injured

because of the defendant Boone's purported actions.

To the extent that Allen argues that when his cell was searched, defendant

Rogers "confiscated core lower court opinions" and attempted to deter him from

seeking redress in court, these allegations fail to state a viable access to the courts

claim as they lack the requisite specificity.  (Doc. 21 ¶¶ 10-11).  Fatal to these claims

is Allen's failure to allege an injury in connection with the alleged incidents.  In

failing to allege actual injury or some legal loss, Allen fails to demonstrate that

defendant Rogers' conduct imposed a substantial impact on him.  Notably, Allen

fails to allege that he was foreclosed from proceeding in court as a result of any

specific legal papers that were destroyed in the search of his cell.

Additionally, Allen generally alleges that defendants violated his

constitutional rights by condoning the mail violations.  (Id. at ¶¶ 11-16).  Such

allegations are purely conclusory.  The second amended complaint lacks any

specificity concerning the alleged "condoning" of the mail violations.  See, e.g.,

Evancho, 423 F.3d at 352-53 (allegations must be made with appropriate

particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible).

Defendants also contend that Allen violated Rule 20 of the Federal Rules of Civil Procedure by including defendant Rogers in this action.  (Doc. 29 at 12 n.1). Rule 20(a)(2) states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2).  Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact."  7 CHARLES ALLEN WRIGHT, ARTHUR MILLER & MARY KAY KANE, *Federal Practice and Procedure* §1652 at 371-72 (1986).  The allegations against defendant Rogers are wholly unrelated to the allegations against defendants Glunt, Lamas, Varner, and Boone, and do not involve an issue of law or fact common to all defendants.[2]

Allen's conclusory statements are insufficient to state a claim for relief. Additionally, Allen's claims, which allegedly arose between the dates of January, 2013, and August, 2014, concern unrelated separate transactions and occurrences

---

[2]  Allen's argument that "[t]here is a casual [sic] connection between Sgt. Rogers, and the other Defendants, through the grievance procedure" is unavailing. (Doc. 30 at 11).

against various defendants and do not involve an issue of law or fact common to all defendants.  Allen's second amended complaint violates Federal Rules of Civil Procedure 8 and 20 and fails to state a meritorious claim.

Consequently, the <u>Poulis</u> factors weigh in favor of dismissing Allen's second amended complaint.

## VI.   <u>Conclusion</u>

For the reasons set forth above, defendants' motion (Doc. 28) to dismiss will be granted.[3]  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:       June 30, 2016

---

[3] A district court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).  An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted.  <u>In re NAHC, Inc. Securities Litig.</u>, 306 F.3d 1314, 1332 (3d Cir. 2002).  This is Allen's second amended complaint.  To date, Allen has been unable to adequately set forth a claim for relief. Allowing Allen another opportunity to amend would be futile.